# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROBERT ROBINSON, | CASE NO. C10-0113JLR |
| Plaintiff, | ORDER REMANDING CASE |
| v. | |
| SWEDISH HEALTH SERVICES, et al., | |
| Defendants. | |

This matter comes before the court on Plaintiff Robert Robinson's motion to remand (Dkt. # 8). In their response, Defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc. (collectively, "Bayer") ask the court to sever and remand Mr. Robinson's claims against the nondiverse Defendants Swedish Health Services ("Swedish") and Carolyn Liu, M.D., and retain jurisdiction over the claims against Bayer. (Dkt. # 11.) Having reviewed the notice of removal, the

ORDER- 1

complaint, and the submissions of the parties, and deeming oral argument unnecessary, the court GRANTS Mr. Robinson's motion to remand (Dkt. # 8).

## I. BACKGROUND

On May 26, 2009, Mr. Robinson filed his original complaint in King County Superior Court. (Not. of Removal (Dkt. # 1), Ex. A, at 1.) In his original complaint, Mr. Robinson alleged that Swedish and Dr. Liu negligently misdiagnosed and failed to treat his wife Mary Robinson's deep-vein thrombosis, and that their negligence caused Mrs. Robinson's death. (*Id.* at 2.) Mr. Robinson alleged that he, Swedish, and Dr. Liu are residents of Washington. (*Id.* at 1.)

On July 1, 2009, Mr. Robinson filed a first amended complaint, to which he added an allegation that Mrs. Robinson had been prescribed the oral contraceptive Yasmin. (*Id.* at 19 ¶ 5.) On August 6, 2009, Swedish and Dr. Liu answered the complaint, alleging as an affirmative defense that "[i]f it is determined that the plaintiff died from a pulmonary embolism, which this defendant does not admit at this point, then the manufacturer of Yasmin, The Bayer Corporation, is a possible non-party at fault." (*Id.* at 39.)

On December 2, 2009, Mr. Robinson filed his second amended complaint, adding claims against Bayer. (Declaration of Kristin Houser ("Houser Decl.") (Dkt. # 9), Ex. 1 ("2d Am. Compl.") at 1.) Mr. Robinson alleged that Bayer manufactures Yasmin, that a component of Yasmin is "associated with significantly increased risk of clotting events" compared with other oral contraceptives, and that Bayer failed to disclose that Yasmin is associated with health risks that are not associated with other oral contraceptives. (*Id.* ¶¶ 15, 18.) Mr. Robinson added state-law claims against Bayer for product liability, willful

or wanton misconduct, breach of warranty, concert of action, negligent and/or fraudulent misrepresentation as to product safety, and the tort of outrage. (*Id.* ¶ 23.)

On January 19, 2010, Bayer filed a timely notice of removal. (Not. of Removal.) Although Mr. Robinson, Swedish, and Dr. Liu are Washington residents, and although Mr. Robinson brought only state-law claims, Bayer asserted that this court has diversity jurisdiction over the action because Mr. Robinson did not properly join his claims against Swedish and Dr. Liu with his claims against Bayer.[1] (*Id.* ¶¶ 6, 10-21.) Bayer noted that on October 1, 2009, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2100, *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 655 F. Supp. 2d 1343 (J.P.M.L. 2009), in the United States District Court for the Southern District of Illinois to coordinate federal products liability litigation involving Yasmin and YAZ.[2] (*Id.* ¶ 7.) Bayer stated that it intended to identify the instant action as a potential "tag along" to the multidistrict litigation. (*Id.*) Bayer asked the court to sever Mr. Robinson's claims against Swedish and Dr. Liu and retain jurisdiction over the claims against Bayer. (*Id.* ¶¶ 17-21.) Neither Swedish nor Dr. Liu joined in the notice of removal.

---

[1] Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania; Bayer Healthcare LLC is a Delaware limited liability company whose sole member is Bayer Corporation; and Bayer Healthcare Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in New Jersey. (Not. of Removal ¶¶ 14-16.)

[2] As of February 18, 2010, there were 686 member cases and 679 plaintiffs involved in the Yasmin multidistrict litigation. *See Buck v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 1:10-cv-36, 2010 WL 623529, at *1 n.1 (N.D. Ind. Feb. 18, 2010).

On February 4, 2010, Mr. Robinson filed the instant motion to remand. (Mot. (Dkt. # 8).)

## II. ANALYSIS

**A. Severance and Remand**

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

One instance in which the district courts of the United States have original jurisdiction is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. As Mr. Robinson, Swedish, and Dr. Liu are Washington residents, complete diversity between the parties does not exist on the face of the complaint. (*See* 2d Am. Compl. ¶¶ 1-3.) Thus, it appears that the court lacks jurisdiction over this case and must remand it pursuant to 28 U.S.C. § 1447(c). Bayer contends, however, that the court should sever Mr. Robinson's claims against the nondiverse defendants, retain jurisdiction over the claims against the diverse defendant

Bayer, and remand the claims against the nondiverse defendants to state court. (*See* Resp. (Dkt. # 11) at 2.)

Federal Rule of Civil Procedure 20, which governs permissive joinder of parties, provides:

> [P]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Federal Rule of Civil Procedure 21, which governs misjoinder and nonjoinder of parties, provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. The Supreme Court has noted that "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).[3]

Here, all of Mr. Robinson's claims against all of the defendants arise out of the same transaction or occurrence: Mrs. Robinson's death, which allegedly resulted from her ingestion of Yasmin and her misdiagnosed and mistreated deep-vein thrombosis. (*See* 2d Am. Compl. ¶¶ 19-21.) In addition, there are common questions of fact among

---

[3] The Court held in *Newman-Green* that a court of appeals has authority to grant a plaintiff's request to dismiss a dispensable nondiverse party in order to preserve diversity jurisdiction, and is not required to remand the case to the district court for dismissal in the district court's discretion. *Newman-Green*, 490 U.S. at 832-33.

the claims because all three Defendants' liability will depend on whether Mrs. Robinson's death was caused in part by Yasmin. The court therefore finds that the defendants were properly joined under Rule 20. The court also finds that, even if Swedish and Dr. Liu are dispensable parties, Mr. Robinson would be harmed if the nondiverse defendants were severed as he would be required to pursue his claims in two separate lawsuits in two different courts. (*See* Mot. at 5; Reply (Dkt. # 13) at 4.) In light of these findings, the court declines to sever the claims against the nondiverse defendants.[4] Thus, because Bayer has not met its burden to demonstrate that removal is proper, the court grants Mr. Robinson's motion to remand.

**B.     Attorney's Fees**

"An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin*, 546 U.S. at 134 (quoting 28 U.S.C. § 1447(c)). The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 141.

Here, the court finds that Bayer had an objectively reasonable basis for removal. Although the court is not persuaded by the out-of-circuit authority cited by Bayer, the court acknowledges that several of these cases suggest that severance to perfect removal

---

[4] Bayer cites numerous district court cases, nearly all of which are from the Northern District of Ohio, to support its contention that a court may grant a diverse defendant's request to sever claims against nondiverse, properly-joined defendants in order to perfect diversity for removal. (*See* Resp. at 3-4.) Having reviewed the cited cases, the court nevertheless remains persuaded that severance is not appropriate in the action presently before it.

may be appropriate where product liability claims against a diverse pharmaceutical defendant are the subject of a federal multidistrict litigation, even where the defendants are properly joined. *See, e.g.*, *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 873-74 (N.D. Ohio 2009) (noting consistency with the JPML's decisions in the multidistrict product liability litigation against Baxter International, Inc.). In addition, the court has not identified any Ninth Circuit authority that would preclude severance in such a situation.[5] Accordingly, the court denies Mr. Robinson's request for attorney's fees.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Robinson's motion to remand and DENIES Mr. Robinson's request for attorney's fees (Dkt. # 9).

Dated this 4th day of March, 2010.

_____
JAMES L. ROBART
United States District Judge

---

[5] Mr. Robinson argues that severance is foreclosed by *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997), which, he contends, requires both a finding of misjoinder under Rule 20 and a finding that severance will not prejudice any substantial right before a court may sever. (Reply at 4.) Mr. Robinson reads too much into *Coughlin*. *Coughlin* (1) clarifies how courts should analyze permissive joinder of plaintiffs and (2) affirms that a court may sever misjoined parties provided no substantial right is prejudiced by the severance. *Coughlin*, 130 F.3d at 1350-51. The decision does not go so far as to hold that if a district court finds that the parties were properly joined the court cannot sever if severance would otherwise serve the interests of justice. Such a holding would appear to be contrary to the Supreme Court's observation that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." *Newman-Green*, 490 U.S. at 832; *see also* 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 1682 (3d ed.) ("The application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party joinder provisions in the federal rules.").